UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 15  P 1: 20

US DISTRICT COURT
HARTFORD CT

*****************************************
                                        *
JAMES STUART,                           *
                                        *
                                        *   CIVIL ACTION
              Plaintiff,                *   NO. 3:02 CV1847 (CFD)
vs.                                     *
                                        *
THE SOUTHERN NEW ENGLAND                *
TELEPHONE COMPANY, ET AL                *
                                        *
              Defendants.               *   OCTOBER 14, 2003
                                        *
*****************************************

## MEMORANDUM IN SUPPORT OF OBJECTION
## TO PLAINTIFF'S MOTION TO STRIKE

Pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7, the Defendants, The Southern New England Telephone Company ("SNET"), and Debora Stanley (collectively, the "Defendants"), hereby submit this memorandum in support of their Objection to the Motion to Strike Defendants' Answer and Defenses filed by the Plaintiff on September 24, 2003. There is no basis for the Plaintiff's motion. Specifically, the Plaintiff identifies no particular defense or allegation that it contends is improper, but merely alleges that the Defendants' entire pleading is untimely and scandalous, as it has "wasted 8 month [sic] of the plaintiff's time." As explained herein, the motion must be denied.

available or appropriate; and (5) failure to allege facts to support a remedy of punitive damages.

On September 24, 2003, Plaintiff filed an "Objection to Answer" and a "Motion to Strike." Plaintiff does not rely upon any legitimate factual or legal basis for either his Objection or Motion, but instead makes unfounded allegations and asserts that Defendants' Answer is "scandalous" because Defendants took too much time to respond. Plaintiff's Motion also does not identify any specific defenses or allegations to be stricken.

## II. STANDARD OF REVIEW

The language of Federal Rule of Civil Procedure 12(f) requires that for a pleading to be stricken, the movant must articulate the allegations that it believes are "redundant, immaterial, impertinent, or scandalous …". Id. "A motion to strike should be granted only where (1) it appears to a certainty that the plaintiff will succeed regardless of what facts could be proved in support of the defense; (2) the affirmative defense sought to be struck does not present disputed and substantial questions of law that could be resolved in such a way as to support the defense; and (3) the plaintiff shows it will be prejudiced by inclusion of the affirmative defense." Tompkins v R.J. Reynolds Tobacco Co., 92 F. Supp.2d 70, 80 (N.D.N.Y. 2000).

"Courts generally disfavor Rule 12(f) motions and do not routinely grant them." State of New York v. Almy Bros., Inc., 971 F. Supp. 69, 72 (N.D.N.Y. 1997) (McCurn, J.). In addressing a Motion to Strike, courts will deem all of the non-

moving party's well-pleaded facts as admitted, draw all reasonable inferences in favor of the non-moving party, and resolve any doubts in favor of denying the motion to strike. Oneida Indian Nation of New York v. New York, 194 F. Supp. 2d 104, 117 (N.D.N.Y. 2002) ("[i]n deciding a Rule 12(f) motion, a court 'must accept the matters well-pleaded as true and should not consider matters outside the pleadings.'").

A moving party can only strike a defense that is legally insufficient, meaning that "the motion [to strike] will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Merely making broad, conclusory accusations that the Defendants' behavior is "scandalous" is not sufficient. See, e.g. Lennon v. Seaman, 63 F.Supp.2d 428, 447 at n. 11 (S.D.N.Y. 1999) (refusing to address portion of motion to strike where moving party failed to particularize the claims it wanted stricken).

### III. ARGUMENT

#### A. Plaintiff Has Failed to Meet His Burden

Although Plaintiff's Motion is ambiguous and confusing, it appears that the Plaintiff is attempting to strike all of the Defendants' Affirmative Defenses. Plaintiff does not specify any particular item, issue, allegation, or defense, and there is no additional procedural mechanism for Plaintiff to strike Defendants' Answers. Plaintiff's Motion nevertheless utterly fails to satisfy even the most basic requirements for a motion to strike.

4

1. <u>Plaintiff Has Made No Showing That He Will Unequivocally Succeed</u>.

First, Plaintiff has offered no argument or evidence to show that Plaintiff will succeed regardless of the facts that could be proved in support of Defendants' pleadings. Indeed, Plaintiff presents no evidence to support any of his claims, much less reference to his own claims, or any evidence to support them.

The Court is bound to draw all reasonable inferences in the Defendants' favor, and to assume that all facts alleged in the Defendants' pleading are admitted. Thus, Defendants' Answer and Affirmative Defenses presumptively state that there is a failure to state a claim upon which relief can be granted as well as a lack of subject matter jurisdiction, and that Plaintiff has not properly pleaded his damages. Such allegations not only indicate Defendants' claim that Plaintiff's pleadings are fatally flawed, but that Plaintiff cannot claim he would succeed regardless of the facts that could be proven in support of Defendants' pleadings.

In addition, the affirmative defenses that Plaintiff appears to be attempting to strike present disputed claims of law and fact by the defendants. For example, Defendants' Affirmative Defenses allege that this Court does not have subject matter jurisdiction over the instant matter and that Plaintiff has failed to state a claim upon which relief can be granted. As noted in Defendants' Memorandum in Opposition to Motion for Summary Judgment filed October 10, 2003 and supporting documentation, the Plaintiff himself raised a variety of issues of material fact with respect to his claims in the instant matter. Moreover, Plaintiff has failed to articulate how, if at all, the Affirmative Defenses do not raise disputed issues of law.

The affirmative defenses alleged by the Defendants clearly present fundamental legal issues that cannot be resolved in a Motion to Strike.

2. <u>Plaintiff Has Made No Showing Of Prejudice</u>.

While Plaintiff indicates that he is dissatisfied with the amount of time it took Defendants to respond, Plaintiff has not otherwise indicated how, if at all, such delay caused him to be substantively prejudiced by the affirmative defenses. An Answer that is not filed immediately, or which is even late, arguably does not harm the Plaintiff. See, e.g., Martin v. Delaware Law School of Widener University, 625 F. Supp. 1288, 1296 (D. Del. 1988) (refusing to enter default judgment where Answer was filed three days after Motion for Default, stating that "[a]lthough [Defendant] was not timely in its response to the Complaint, Plaintiff has shown no prejudice by this delay.").

Plaintiff has failed to submit any showing of prejudice, other than making an unfounded allegation that "Defendants have been sitting on this case waiting for the six-month period to elapse where there has been no action pursuant to Federal Rules of Civil Procedure 41 at which this time the case would have been dismiss taking advantage of the Plaintiff [sic] ..." It is apparent that the case was not dismissed, so the Plaintiff has not suffered the harm he feared, nor does Plaintiff have any basis for such a claim. Defendants' last effort (prior to filing their Answer and Affirmative Defenses) was to seek permission to file a Motion to Dismiss in accordance with the standing orders of the then-assigned Judge. As Defendants have explained, the timing of Defendants' Answer was based on the fact that their

6

motion for pre-filing conference was granted and the existing Pre-trial Orders were still in place until being vacated last month. In no way have Defendants sought to thwart or evade proper process, or to "take advantage" of the Plaintiff. In fact, it is the Defendants who have now been attacked by the Plaintiff for their attempts to follow proper protocol.[1] Plaintiff has therefore suffered no prejudice by Defendants' actions, and Plaintiff has also failed to show prejudice as the result of Defendants' Affirmative Defenses in light of the fact that the Rule 26 conference just occurred late last month and the Parties' Planning Report was just filed with the Court on October 7, 2003.

From Plaintiff's pleading it also appears that Plaintiff may have an incorrect conception of the applicable definition of "prejudice." If "the inclusion of the defense would result in increased time and expense of trial, including the possibility of extensive and burdensome discovery," it may constitute sufficient prejudice to warrant striking an affirmative defense. See Canadian St. Regis Band of Mohawk Indians v. New York, No. 5:82-CV-783, 2003 WL 21801656 at *4 (N.D.N.Y Jul. 28, 2003).[2] However, none of the Defendants' affirmative defenses create such prejudice, nor has the Plaintiff made such a showing.

Notwithstanding the Plaintiff's claims of untimeliness, Defendants' Answers and Affirmative Defenses are, in fact, timely and appropriate (see above). It should be noted that Plaintiff filed his motion before the parties had their Rule 26(f)

---

[1] On September 11, 2003, Plaintiff moved for a default against Defendants for failure to plead, and also moved for Summary Judgment. Defendants did not receive, and despite their recent request to the Plaintiff, have not yet received, a copy of Plaintiff's motion for default, but learned of its existence only when recently reviewing docketing information in PACER.
[2] All unreported cases are attached hereto in the Appendix.

7

conference and filed their Rule 26(f) report, and has himself agreed to, and/or requested extensive discovery parameters and deadlines.[3]

It is also well-settled that at least two of the Defendants' affirmative defenses cannot, as a matter of law, be stricken for prejudice. "[T]he failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." S.E.C. v. Toomey, 866 F. Supp. 719, 723 (S.D.N.Y. 1992); see also Rosenblatt v. United Air Lines, 21 F.R.D. 110, 111 (S.D.N.Y. 1957). Indeed, "[a] plaintiff suffers no prejudice when the failure to state a claim defense is used in the pleadings...." S.E.C. v. Toomey, at 723.

Similarly, lack of subject matter jurisdiction is an affirmative defense articulated in the Federal Rules, and is therefore appropriate, and non-prejudicial. Indeed:

> even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits...To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts.

William Z., Salcer, Panfield, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vac'd and rem'd on other grounds, 478 U.S. 1015 (1986) (internal citations omitted). Thus, as a matter of law, Plaintiff cannot maintain that he is prejudiced by Defendants' affirmative defenses of failure to state a claim upon which relief can be granted or lack of subject matter jurisdiction.

---

[3] It is worth noting that during the Rule 26(f) conference, which took place after Defendants filed their Answer and Affirmative Defenses, Plaintiff did not object to any of the Defendants' discovery deadlines, only changing his position regarding the final discovery deadline after the conference was completed. Moreover, it is Plaintiff, not Defendants, who seeks to increase the time and expense of trial and discovery as he seeks to file more than 25 interrogatories. The parties' Rule 26(f) report was filed with this Court on October 7, 2003.

Plaintiff has raised no other claims in his Motion to Strike regarding the insufficiency of any allegations. Indeed, Plaintiff has failed to articulate even one issue, item, defense or allegation that it believes to be insufficient, or to identify any particular grounds for any insufficiency. As Plaintiff's Motion lacks any supporting evidence of the requisite elements, any substantive basis, and/or any showing of prejudice, it must be denied.

### B. Plaintiff's Claim of "Scandalous" Material Is Incorrect

Furthermore, Plaintiff's only basis for its contention that the (Answer and) Affirmative Defenses should be stricken is that they are "scandalous." "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Dist. Co., 961 F.2d 654, 664 (7th Cir. 1992).

Plaintiff's sole basis for the "scandalous" nature of Defendants' Affirmative Defenses appears to be the amount of time Defendants took to respond to Plaintiff's Complaint.[4] As previously discussed and explained, because Defendants filed their Answer and Affirmative Defenses prior to any decision regarding Plaintiff's Motion for Default, and because Plaintiff was not prejudiced by the amount of time it took

---

[4] As previously noted, Defendants initially timely responded to Plaintiff's Complaint when Judge Arterton was presiding over this matter, by filing a Motion for Pre-Filing Conference for a Motion to Dismiss. The Pre-Filing Conference was suspended when Judge Arterton recused herself, and stated that the new presiding judge would take this matter up with the parties. Defendants, based on the fact that the Pre-Trial Orders had not been vacated, and based on the discussion at the January 30, 2003 pre-filing conference, were mistakenly under the impression that the pre-filing conference would be continued and rescheduled. When Defendants were informed that Judge Droney would not continue the Pre-Filing Conference, Defendants promptly filed their Answer. Until that time Defendants had not received any order regarding Judge Droney's Pre-Trial Procedures, and were therefore acting under the existing order

9

Defendants to respond, Defendants' Answer and Affirmative Defenses are timely and appropriate, and liability is properly contested.

Additionally, as the Defendants' appropriately filed their Answer and Affirmative Defenses, the Plaintiff still has ample time to conduct discovery with respect to the Defendants' affirmative defenses (particularly as no discovery has been done as of the date of this motion). Moreover, Defendants' Answer and Affirmative Defenses include no "surprise" defenses that Plaintiff was not previously aware of, given the Defendants' representations at the Pre-Filing Conference. Each of Defendants' answers relate specifically to an allegation of Plaintiff's Complaint and all of Defendants' Affirmative Defenses raise relevant issues of both law and fact. As such, the "timeliness" basis for Plaintiff's claim that Defendants' Answer and Affirmative Defenses are "scandalous" is fatally flawed, because Defendants' Affirmative Defenses are relevant to the controversy, and Plaintiff has failed to raise any additional allegation that he is prejudiced by the Affirmative Defenses.

## IV. **CONCLUSION**

WHEREFORE Defendants respectfully request that this Court deny Plaintiff's Motion to Strike.

          THE DEFENDANTS -
THE SOUTHERN NEW ENGLAND
TELEPHONE COMPANY and
DEBORA STANLEY

By: _____
Jeffrey M. Donofrio (ct07738)
A. Rachel Rothman (ct23837)
Ciulla & Donofrio, LLP
127 Washington Avenue
P.O. Box 219
North Haven, Connecticut 06473
Tel.: (203) 239-9829
Fax.: (203) 234-0379
Juris No.: 412770

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed on this 14th day of October, 2003, to:

James Stuart
119 Gem Avenue
Bridgeport, CT  06606

_____
Jeffrey M. Donofrio