UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************
                                    *
JAMES STUART,                       *
                                    *
                                    *    CIVIL ACTION
              Plaintiff,            *    NO.  3:02 CV1847 (CFD)
vs.                                 *
                                    *
THE SOUTHERN NEW ENGLAND            *
TELEPHONE COMPANY, ET AL            *
                                    *
              Defendants.           *    FEBRUARY 10, 2004
                                    *
*************************************
```

### OBJECTION TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE

Pursuant to the Federal Rules of Civil Procedure, The Southern New England Telephone Company ("SNET") and Debora Stanley (collectively "Defendants") hereby object to Plaintiff's Motion To Take Judicial Notice dated January 13, 2004.

Plaintiff's Motion to Take Judicial Notice requests that the Court take notice of "dates in dispute" as identified in the Motion rather than the "dates in the complaint." See Motion ¶¶ 1-2.  Plaintiff's Motion is fatally flawed for several reasons.

First, Plaintiff cites "Federal Rules of Civil Procedure 201(b)" as the basis for his Motion.  No such rule exists.  However, Federal Rule of Evidence 201(b) does address judicial notice of adjudicative facts, and describes when a court may take notice of such facts.  Specifically, Fed. R. Evid. 201(b) states that:

> [a] judicially noticed fact must be one not subject to reasonable
> dispute in that it is either (1) generally known within the territorial
> jurisdiction of the trial court or (2) capable of accurate and ready

> determination by resort to sources whose accuracy cannot reasonably be questioned.

Id.

Here, the documents that Plaintiff has attached as Exhibits A and B to his Motion do not satisfy either of the two requirements of Fed. R. Evid. 201(b). The documents provided are unsworn and unattested to, and cannot otherwise unequivocally confirm that the dates at issue are accurate. See, e.g. G-I Holdings, Inc. v. Baron & Budd, Southern District of New York, No. 01 Civ. 0216, 2003 WL 193502 at *8 (S.D.N.Y. Jan. 29, 2003) (refusing to take notice of fact sheets submitted to prove a date of diagnosis where "[t]he Initial Fact Sheets are unsworn assertions, signed only by a W & L attorney …[as], without discovery it is impossible to determine whether the dates are accurate …"). Indeed, the documents provided by the Plaintiff in the instant matter are merely hearsay, as they constitute out of court statements offered for the truth of the matter asserted, specifically, the accuracy of the dates. See, e.g. Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 498-99 (2003) (refusing to take judicial notice of a General Release that party offered in conjunction with a motion to dismiss to evidence truth of the matter asserted).

Second, Plaintiff fails to allege any dates whatsoever in his underlying complaint with respect to telephone accounts at issue. See Complaint ¶¶ 2-6. As such, if Plaintiff seeks to add or change allegations in his Complaint he must do so through the proper procedural method. Fed. R. Civ. P. 15(a). Plaintiff's request is procedurally and substantively flawed and the purported "dates in dispute" simply is not the type of matter that this Court can take judicial notice of.

As Plaintiff is asking this court to take judicial notice of adjudicative facts that are subject to reasonable dispute, Plaintiff's Motion To Take Judicial Notice is improper and should be denied.

WHEREFORE, the Defendants respectfully request that this Court deny Plaintiff's Motion To Take Judicial Notice.

> THE DEFENDANTS -
> THE SOUTHERN NEW ENGLAND
> TELEPHONE COMPANY and
> DEBORA STANLEY
>
>
> By:_____
>     Jeffrey M. Donofrio (ct07738)
>     Jdonofrio@cd-llp.com
>     A. Rachel Rothman (ct23837)
>     Ciulla & Donofrio, LLP
>     127 Washington Avenue
>     P.O. Box 219
>     North Haven, Connecticut 06473
>     Tel.: (203) 239-9829
>     Fax.: (203) 234-0379

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed on this 10th day of February, 2004, to:

James Stuart
119 Gem Street
Bridgeport, CT  06606

_____
Jeffrey M. Donofrio