UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                         \*
JAMES STUART,                            \*
                                         \*
                                         \*       CIVIL ACTION
              Plaintiff,                 \*       NO. 3:02 CV1847 (CFD)
vs.                                      \*
                                         \*
THE SOUTHERN NEW ENGLAND                 \*
TELEPHONE COMPANY, ET AL                 \*
                                         \*
              Defendants.                \*       MAY 28, 2004
                                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3), The Southern New England Telephone Company ("SNET") and Debora Stanley (the "Defendants") hereby respectfully submit this Memorandum of Law in Support of their Motion to Dismiss. As discussed in detail below, this case must be dismissed because this Court lacks subject matter jurisdiction over this matter.

**I. BACKGROUND:**

SNET is a telephone service provider in the State of Connecticut. Debora Stanley, at all times relevant herein, has been employed by SNET.

The Plaintiff filed this lawsuit against SNET and Debora Stanley on or about October 1, 2002. Plaintiff claims that two telephone accounts were opened using his name and social security number, but were not authorized by him. See Complaint ¶¶ 2 and 3. Plaintiff alleges that he "never lived" in Ansonia or Derby, that SNET attempted

to collect payment from him for outstanding charges for account numbers 203-734-1670-583 and 203-734-1625-853, and that the unpaid phone bills were "put on" his credit report. See Id. at ¶¶ 5-8. Plaintiff further contends that "employees within the SNET office were working from within the company to defraud" him and that "[t]here is a conspiracy at SNET, which involves Debora Stanley to rob me." See Id. at ¶¶ 3, 10 and 13.

Although Plaintiff's Complaint mentions 47 U.S.C. §§ 206 and 207 in the "Jurisdiction" section of his Complaint, the "Statement of Claims" portion of his Complaint, which sets forth all of his allegations against the Defendants, makes no mention of any statute. Instead, it appears that the Plaintiff's claims are purported state-law claims of common law fraud and conspiracy. In his Prayer for Relief, Plaintiff seeks (1) a declaratory judgment that Defendant's actions were unlawful; (2) injunctive relief removing the phone bills from Plaintiff's credit file; (3) "incarceration" for all those found to be involved; (4) $50,000.00 in compensatory damages; and (5) $2,000,000.00 in punitive damages.

At best, Plaintiff's Complaint sets forth state law claims for fraud and conspiracy. Since plaintiff and defendant Debora Stanley are Connecticut residents and SNET's principal place of business is in Connecticut, there is clearly no diversity of citizenship.

## II. ARGUMENT:

### A. *Standard Of Review*

Pursuant to Federal Rule of Civil Procedure 12(h)(3) "whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action. A party cannot waive the requirement in

subject matter jurisdiction."  See Moodie v. Federal Reserve Bank of New York, 58 F.3d 879, 882 (Second Circuit 1995).  In the case at hand, the plaintiff was put on notice by the defendants' Second Affirmative Defense that the defendants intended to contest this Court's subject matter jurisdiction.

As the defendants have challenged subject matter jurisdiction, the plaintiff (as the party asserting the existence of jurisdiction) must bear the burden of establishing jurisdiction.  See Thomson v. Gaskill, 315 U.S. 442, 62 S.CT. 673 (1942); Aiunney v. United States, 319 F.3d 550, 554 (Second Circuit 2003); Makarova v. United States, 201 F.3d 110, 113 (Second Circuit 2000).  Plaintiff must carry this burden by a preponderance of the evidence.  If jurisdiction is lacking, this Court must dismiss the Complaint without regard to the merits of the lawsuit.  Nowak v. Iron Workers Local 6 Pension Fund, 81 F.3d 1182, 1188 (Second Circuit 1996).

### B. *This Court Has No Subject Matter Jurisdiction Over The Plaintiff's Claims*

This Court lacks subject matter jurisdiction over the plaintiff's Complaint.  Although the plaintiff mentions 47 U.S.C. §206 and §207 in the jurisdictional section of his Complaint, the Complaint clearly does not assert any causes of action or claims thereunder.  The bottom line is that the plaintiff's fourteen (14) paragraph, one count Complaint does not set forth a cause of action pursuant to any federal statute or regulation and there is no federal question at issue in this matter.  Instead, the plaintiff's Complaint purports to set forth causes of action for fraud and conspiracy.  Since neither fraud nor conspiracy are federal causes of action and since there is no diversity of citizenship between the plaintiffs and the defendants, this Court does not have subject matter jurisdiction over this matter.

3

### III. **CONCLUSION**

Because of the absence of any federal question and the lack of diversity of citizenship, this Court lacks subject matter jurisdiction over this matter and the Plaintiff's Complaint must be dismissed.

<pre>
                                        THE DEFENDANTS -
                                        THE SOUTHERN NEW ENGLAND
                                        TELEPHONE COMPANY and
                                        DEBORA STANLEY

                                        By:_____
                                            Jeffrey M. Donofrio (ct07738)
                                            Jdonofrio@cd-llp.com
                                            Ciulla & Donofrio, LLP
                                            127 Washington Avenue
                                            P.O. Box 219
                                            North Haven, Connecticut 06473
                                            Tel.: (203) 239-9828
                                            Fax.: (203) 234-0379
</pre>

**CERTIFICATE OF SERVICE**

 This is to certify that a copy of the foregoing motion was mailed on this 28th day of May, 2004, to:

James Stuart
119 Gem Avenue
Bridgeport, CT  06606

                    _____
                    Jeffrey M. Donofrio