UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************
                                    *
JAMES STUART,                       *
                                    *
                                    *    CIVIL ACTION
              Plaintiff,            *    NO.  3:02 CV1847 (CFD)
vs.                                 *
                                    *
THE SOUTHERN NEW ENGLAND            *
TELEPHONE COMPANY, ET AL            *
                                    *
              Defendants.           *    MAY 28, 2004
                                    *
*************************************
```

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, The Southern New England Telephone Company ("SNET") and Debora Stanley (collectively, "Defendants") submit this memorandum in Support of their Motion for Summary Judgment. For the reasons set forth below, there are no genuine issues of material fact in dispute with respect to Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

**I.      BACKGROUND**

SNET is a telephone service provider in the State of Connecticut. At all times relevant herein, SNET's business practice has been to open and close telephone service accounts when it receives a proper request to do so from a customer. Affidavit of Cheryl Atkinson at ¶4.[1] At all times relevant herein, when opening a new account, it has been

---

[1] The Affidavit of Cheryl Atkinson is attached hereto and made a part hereof as <u>Exhibit A</u>.

SNET's regular practice to ask for the name and address for the service and the social security number of the individual who will be responsible for the service. Id. at ¶5. SNET then verifies that the social security number matches the name provided. Id. at ¶6. Only after the social security number is confirmed is the telephone service account opened, and the confirmed social security number is recorded internally on the account. Id. at ¶6.

On October 6, 1997, SNET received a request for telephone service at 13 Bartholomew Avenue, Ansonia, CT 06401 in the name of James Stuart. Id. at ¶8. The prospective customer who made the request gave the SNET customer service representative the name of James Stuart and a social security number of 047-46-XXXX.[2] Id. at ¶8. In accordance with its usual confirmation procedures, the SNET representative confirmed that the social security number of 047-46-XXXX matched that of James Stuart. Id. at ¶8. Upon confirmation of James Stuart's social security number, a telephone service account was opened with an address of 13 Bartholomew Avenue, Ansonia, CT, 06401, and an account number of 203-734-1670-583. Id. at ¶8.

The next day, on October 7, 1997, SNET received a request for telephone service at 30 Water Street, Floor 1, Derby, CT 06418. Id. at ¶8. The customer who made the request gave the SNET customer service representative the name of James Stuart and a social security number of 047-46-XXXX. Id. at ¶8. In accordance with SNET's procedures, the SNET representative confirmed that the social security number of 047-46-XXXX matched that of James Stuart. Id. at ¶8. Upon confirmation, a telephone

---

[2] The last four digits of the Plaintiff's social security number are omitted in this Memorandum to protect Mr. Stuart's privacy. There is no dispute that the social security number used to open the account is the plaintiff's.

2

service account was opened with an address of 30 Water Street, Floor 1, Derby, CT, 06418, and an account number of 203-734-1625-853. Id. at ¶8.

Over the next several months, SNET provided telephone service for the two aforementioned accounts. However, SNET did not receive full payment for the subject accounts. Id. at ¶9. Therefore, on or about February 3, 1998, SNET closed both accounts for non-payment. Id. at ¶9. At the time the accounts were closed, account number 203-734-1670-583 had an outstanding balance of $560.91 and account number 203-734-1625-853 had an outstanding balance of $3,346.11.

The Plaintiff claims that he learned in 1998 or 1999 that the unpaid phone bills were on his credit report. *Deposition of James Stuart at p.31.*[3] Mr. Stuart contacted SNET on December 12, 2000 to complain about the two accounts shown on his credit report. Affidavit of Cheryl Atkinson, ¶10. Debora Stanley, the SNET representative Mr. Stuart spoke with on December 12, 2000, advised Mr. Stuart during an initial conversation that the outstanding balances were for account numbers 203-734-1670-583 and 203-734-1625-853. Mr. Stuart claimed during the December 12, 2000 conversation with Ms. Stanley that he never opened the accounts or authorized them to be opened in his name. Id. Debora Stanley explained to Mr. Stuart that since other account holders in the past have attempted to avoid paying their balances by making such claims, he would need to fully complete certain paperwork (the "Fraud Package"). Id. at ¶12. Debora Stanley advised Mr. Stuart on December 12, 2000 that his dispute could not be processed unless and until he returned the completed Fraud Package. Id. at ¶12. SNET sent the Plaintiff a Fraud Package to complete on December 12, 2000 and advised him that the

---

[3] The Transcript of the Deposition of James Stuart is attached hereto as <u>Exhibit B</u>.

3

completed fraud package needed to be returned by January 3, 2001 or he would be held responsible for the accounts. Id. at ¶16.

On or about January 24, 2001, Mr. Stuart sent SNET his partially completed, unsworn responses to the Fraud Package. Affidavit of Cheryl Atkinson at ¶17. Mr. Stuart subsequently submitted the same information (with the proper attestation) but still missing the requested address verification documentation for 1997. Mr. Stuart was advised that his Fraud Package was incomplete because he failed to provide certain required information and that his claim could not be processed until a completed Fraud Package was received. Affidavit of Cheryl Atkinson at ¶18. Mr. Stuart never provided the required identification and address verification information to SNET. Id. at ¶19.

Despite his own failure to provide SNET with the requested documentation, Mr. Stuart filed this lawsuit against SNET on or about October 1, 2002. Plaintiff's Complaint admits that both accounts were opened in his name with SNET. See Complaint ¶¶ 2 and 3. However, Plaintiff alleges that he "never lived" in Ansonia or Derby, that SNET attempted to collect payment from him for outstanding charges for account numbers 203-734-1670-583 and 203-734-1625-853, and that the unpaid phone bills were "put on" his credit report. See Id. at ¶¶ 5-8. Plaintiff further contends that "employees within the SNET office were working from within the company to defraud" him and that "[t]here is a conspiracy at SNET, which involves Debora Stanley to rob me." See Id. at ¶¶ 3, 10 and 13.

Although Plaintiff's Complaint mentions 47 U.S.C. §§ 206 and 207 in the "Jurisdiction" section of his Complaint, the "Statement of Claims" portion of his Complaint, which sets forth all of his allegations against the Defendants, makes no

4

mention of any statute. Instead, it appears that the Plaintiff's claims are purported state law claims of common law fraud and conspiracy. In his Prayer for Relief, Plaintiff seeks (1) a declaratory judgment that Defendant's actions were unlawful; (2) injunctive relief removing the phone bills from Plaintiff's credit file; (3) "incarceration" for all those found to be involved; (4) $50,000.00 in compensatory damages; and (5) $2,000,000.00 in punitive damages.

Based upon Mr. Stuart's own deposition testimony and applicable caselaw, there are no genuine issues of material fact in dispute and defendants are entitled to summary judgment as a matter of law.

## II.    ARGUMENT

### A.    Standard of Review

Defendants have filed a Motion to Dismiss this matter due to a lack of subject matter jurisdiction. If the Court determines that it has jurisdiction over this matter, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the Court must review the evidence and draw inferences from the facts in a light most favorable to the non-moving party, See, Matsushita Elect. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986), the non-moving party must submit evidence upon which a fact finder could reasonably find for the plaintiff in order for there to be a "genuine dispute." See, Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The mere fact that there is some

factual dispute will not defeat an otherwise properly supported Motion for Summary Judgment.

In the case at bar, there are no genuine issues of material fact in dispute – the Plaintiff's own deposition testimony establishes that the Defendants are entitled to judgment as a matter of law.

### B.  Defendants Are Entitled To Summary Judgment

*1. Plaintiff Has Not Asserted A Claim Under 47 U.S.C. 206 or 207*

As previously noted, Plaintiff's Complaint alleges that 47 U.S.C. §§ 206 and 207 are the jurisdictional basis for his lawsuit.  However, his one-count Complaint mentions "fraud" and "conspiracy," but does not identify any specific cause of action. In pertinent part, 47 U.S.C. §§ 206 and 207 state only that a private cause of action exists to enforce Chapter 5 of Title 47.  Specifically, these two sections are part of a chapter of the Communications Act, which generally governs wire and radio communications, and creates the Federal Communications Commission.  Plaintiff does not allege in his Complaint the section of this chapter that he alleges the Defendants violated, there is no mention of any violation in the Complaint and there is no reasonable interpretation of the Complaint that results in a claim under Title 47 being alleged.

*2. There are No Genuine Issues of Material Fact in Dispute as to Plaintiff's Claim of Conspiracy*

The elements of a "civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff."

6

Williams v. Maislen, 116 Conn. 433, 437 (1933).  As is evident from the fact that these elements do not identify particular actions or behavior that constitute a "civil conspiracy", "[u]nder Connecticut law, technically speaking, there is no such thing as a civil action for conspiracy.  The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself ... A claim of civil conspiracy, therefore, is insufficient unless based on some underlying cause of action ..." Litchfield Asset Management Corp. v. Howell, 70 Conn. App. 133, 140, cert. denied, 261 Conn. 911 (2002).

  Plaintiff's allegations of conspiracy and minimal references to conspiracy are themselves fatally flawed.  On the most fundamental level, Plaintiff has not identified any other individual (besides Debora Stanley) who allegedly participated in the conspiracy, merely identifying them in his Complaint as "these people." As a corporate principal can act only through its agents, Plaintiff's failure to identify another person results in his failure to properly allege the first element of a claim for conspiracy.  In fact, Mr. Stuart admits that he cannot identify anyone else involved in the alleged conspiracy. *Deposition of James Stuart at p.37*.

  Moreover, as discussed, Plaintiff does not properly allege any underlying cause of action upon which his claim of conspiracy is based.  Specifically, the one fact Plaintiff appears to reference in his Memorandum with respect to his conspiracy claim, that the accounts were opened on the same day, is clearly not inherently unlawful, and the Plaintiff fails to allege how such an occurrence is evidence of a conspiracy.  Indeed, the only other legal theory upon which this matter is based, according to the Complaint, is that of fraud, which is also not properly alleged. See Section II.B.3. infra.

7

Most significantly, Plaintiff's own deposition testimony conclusively establishes that his conspiracy claim is fatally flawed. Plaintiff admits that although he alleges in paragraph 13 of his Complaint that Deborah Stanley was involved in a conspiracy at SNET to "rob" him, he had no contact with Ms. Stanley until he contacted SNET to request that the accounts be removed from his credit report. *Deposition of James Stuart at p. 37*. In fact, Mr. Stuart even admits that his conspiracy claim is based solely upon the fact that Ms. Stanley did not resolve his problem for him. Id.

Thus, to the extent that the Complaint is liberally construed to allege a conspiracy claim, there are no genuine issues of material fact in dispute as to said claim and the defendants are entitled to summary judgment thereon as a matter of law.

*3. The Defendants are also Entitled to Summary Judgment on the Plaintiff's Fraud Claim*

The elements of a common-law fraud claim are: "(1) a false representation was made as to a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Weisman v. Kaspar, 233 Conn. 531,539 (1995). With respect to the first element, Plaintiff has not alleged what, if any, false representation either Defendant made as a statement of fact, who made the misrepresentation, or why the statement made was a misrepresentation. With respect to the second element, Plaintiff has alleged only that Defendants "knew" that the telephone accounts were not his. He has made no allegations as to any misrepresentation made by either Defendant and there is no evidence in admissible form that either Defendant knew that any such representation was untrue. Finally, with

respect to the third and fourth elements, Plaintiff has not alleged or identified how he acted upon any false representation.

The plaintiff's own deposition testimony also reveals that his fraud claim is without merit. When asked to identify the employees at SNET he claims were working to defraud him, the plaintiff identified Debora Stanley. *Deposition of James Stuart at p.22*. However, since the plaintiff's fraud claim is based solely on SNET's opening of the two accounts and the plaintiff acknowledges that he only dealt with Ms. Stanley on the issue of attempting to have the accounts removed from his credit report, his claim is ludicrous. *Deposition of James Stuart at pp. 22-23*. Finally, when asked whether he has "any evidence that any employees at SNET intentionally defrauded" him, plaintiff's unequivocal answer was "No, I do not." Id. *at p. 36*.

By contrast, Defendants have presented evidence to show that the accounts were opened in accordance with SNET's standard business practice. See Exhibit A at ¶¶ 4-8. Plaintiff has not alleged a prima facie cause of action for fraud, admits that he has no evidence of fraud and SNET has presented uncontradicted evidence that the accounts were opened pursuant to its standard business practice, which includes identification verification using the account holder's social security number.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this Court grant their Motion for Summary Judgment as to all counts of the Plaintiff's Complaint as there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

THE DEFENDANTS -
THE SOUTHERN NEW ENGLAND
TELEPHONE COMPANY and
DEBORA STANLEY


By:_____
   Jeffrey M. Donofrio (ct07738)
   Jdonofrio@cd-llp.com
   Ciulla & Donofrio, LLP
   127 Washington Avenue
   P.O. Box 219
   North Haven, Connecticut 06473
   Tel.: (203) 239-9829
   Fax.: (203) 234-0379

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed on this 28th day of May, 2004, to:

James Stuart
119 Gem Avenue
Bridgeport, CT  06606

                                                                                                                        _____
                                                                                                                        Jeffrey M. Donofrio