UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES STUART,

          Plaintiff,        CIVIL ACTION
vs.                                NO. 3:02 CV1847 (CFD)

THE SOUTHERN NEW ENGLAND
TELEPHONE COMPANY, ET AL

          Defendants.      MAY 25, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF CHERYL ATKINSON

I, Cheryl Atkinson, having been duly sworn, deposes and says the following:

1. I am over the age of 18 and believe in the obligations of an oath.

2. Unless otherwise noted, I make this Affidavit from my own personal knowledge.

3. At all times relevant herein, I have been employed by The Southern New England Telephone Company ("SNET") as a Credit Manager/Analyst.

4. At all times relevant herein, SNET's business practice has been to establish a telephone service account when it receives a proper request to do so from a customer.

5. At all times relevant herein, it has been SNET's business practice to obtain the name, address and social security number of the person establishing the telephone service account.

6. At all times relevant herein, SNET utilized the social security number provided when an account was opened to verify the name of the customer and only then the account was established.

7. At all times relevant herein, it has been SNET's business practice to report information regarding delinquent customer accounts to credit bureaus and/or agencies based on the social security number provided by the customer at the time a telephone account is opened.

8. On or about October 6, 1997 and October 7, 1997, respectively, two telephone accounts were opened in the name of James Stuart; one for service at 13 Bartholomew Avenue, Ansonia, CT, 06401 (account number of 203-734-1670-583) and the other for service at 30 Water Street, Floor 1, Derby, CT 06418 (account number of 203-734-1625-853) When the accounts were opened, they were opened using the plaintiff's name and social security number and SNET verified that the social security number provided matched the name provided – James Stuart.

9. When the charges for the two subject accounts were not paid, both accounts were closed on or about February 3, 1998 and SNET attempted to contact James Stuart to attempt to collect the charges with respect to Mr. Stuart's accounts with SNET.

10. On December 12, 2000, Plaintiff contacted SNET and contended that the subject accounts were not, and had never been, his, and that he never lived at either of the addresses associated with the accounts.

11. As of December 12, 2000, the outstanding balance with respect to account number 203-734-1625-853 was $3,346.11.

12. As of December 12, 2000, the outstanding balance with respect to account number 203-734-1670-583 was $560.91.

13. SNET's usual business practice when presented with contentions of fraud is to send a "fraud packet" to the individual asserting fraud.

14. The "fraud packet" requires the individual asserting the claim to complete certain documentation, provide certain information to allow SNET to conduct a fraud investigation and attest to the fraud claim.

15. SNET employee Debora Stanley sent Mr. Stuart a fraud packet to complete on December 12, 2000 and directed him to complete the entire packet, attach the appropriate documentation (as requested in the packet), and return the information to SNET by January 3, 2001 to allow SNET to investigate his allegation of fraud. A copy of the fraud packet sent to Mr. Stuart is attached hereto at Tab A.

16. Mr. Stuart did not return a fully completed fraud packet to SNET in a timely manner. Specifically, SNET received the partially completed packet on January 24, 2001 and Mr. Stuart did not provide the requested address verification documentation for 1997 – the year in which the accounts at issue were opened.

17. SNET informed Mr. Stuart or his representative that he must fully complete the fraud packet and provide all documentation before SNET could begin its internal fraud investigation, however, Mr. Stuart failed to do so.

18. Mr. Stuart has never provided SNET with all of the information required by the fraud packet. A copy of the fraud packet as submitted by Mr. Stuart to SNET is attached hereto at <u>Tab B</u>.

                                                                                                                                                                                   _____
                                                    Cheryl Atkinson

STATE OF CONNECTICUT     )
                                   )    ss:
COUNTY OF NEW HAVEN   )

      Personally appeared Cheryl Atkinson, before me, on this _____ day of May, 2004 and did swear that she executed the foregoing affidavit as her own free act and deed and the free act and deed of The Southern New England Telephone Company.

                                                                                 _____
                                                  Commissioner of the Superior Court
                                                  Notary Public
                                                  My Commission Expires:_____