UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************
                                     *
JAMES STUART,                        *
                                     *
                                     *   CIVIL ACTION
               Plaintiff,            *   NO.  3:02 CV1847 (CFD)
vs.                                  *
                                     *
THE SOUTHERN NEW ENGLAND             *
TELEPHONE COMPANY, ET AL             *
                                     *
               Defendants.           *   MAY 28, 2004
                                     *
*************************************
```

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule of Civil Procedure 56(a)1, The Southern New England Telephone Company ("SNET") and Debora Stanley, defendants in the above-captioned matter, (collectively, "Defendants"), hereby state that there is no genuine issue to be tried as to the following material facts:

1. James Stuart is a resident of the State of Connecticut, currently residing at 119 Gem Avenue, Bridgeport, Connecticut, 06606.  See *Plaintiff's Complaint*.

2. The Southern New England Telephone Company ("SNET") is a telephone service provider in the State of Connecticut and has a principal place of business in New Haven, Connecticut.  *This Court can take judicial notice of these facts*.

3. At all times relevant herein, SNET's business practice has been to establish a telephone service account when it receives a proper request to do so from a customer. *Affidavit of Cheryl Atkinson* at ¶4.[1]

4. At all times relevant herein, it has been SNET's business practice to obtain the name, address and social security number of the person establishing the telephone service account. Id. at ¶5

5. At all times relevant herein, SNET utilized the social security number provided when an account was opened to verify the name of the customer and only then the account was established. Id. at ¶6.

6. At all times relevant herein, it has been SNET's business practice to report information regarding delinquent customer accounts to credit bureaus and/or agencies based on the social security number provided by the customer at the time a telephone account is opened. Id. at ¶7.

7. On or about October 6, 1997 and October 7, 1997, respectively, two telephone accounts were opened in the name of James Stuart; one for service at 13 Bartholomew Avenue, Ansonia, CT, 06401 (account number of 203-734-1670-583) and the other for service at 30 Water Street, Floor 1, Derby, CT 06418 (account number of 203-734-1625-853)  When the accounts were opened, they were opened using the plaintiff's name and social security number and SNET verified that the social security number provided matched the name provided – James Stuart. Id. at ¶8.

8. When the charges for the two subject accounts were not paid, both accounts were closed on or about February 3, 1998 and SNET attempted to contact James Stuart

---

[1] The Affidavit of Cheryl Atkinson is attached to the Defendants' Memorandum in Support of Motion for Summary Judgment as *Exhibit A*.

2

to attempt to collect the charges with respect to Mr. Stuart's accounts with SNET. Id. at ¶9.

9. SNET's usual business practice when presented with contentions of fraud is to send a "fraud packet" to the individual asserting fraud. Id. at ¶13.

10. The "fraud packet" requires the individual asserting the claim to complete certain documentation, provide certain information to allow SNET to conduct a fraud investigation and attest to the fraud claim. Id. at ¶14.

11. SNET employee Debora Stanley sent Mr. Stuart a fraud packet to complete on December 12, 2000 and directed him to complete the entire packet, attach the appropriate documentation (as requested in the packet), and return the information to SNET by January 3, 2001 to allow SNET to investigate his allegation of fraud. Id. at ¶15.

12. Mr. Stuart did not return a fully completed fraud packet to SNET in a timely manner. Specifically, SNET received the partially completed packet on January 24, 2001 and Mr. Stuart did not provide the requested address verification documentation for 1997 – the year in which the accounts at issue were opened. Id. at ¶16.

13. SNET informed Mr. Stuart or his representative that he must fully complete the fraud packet and provide all documentation before SNET could begin its internal fraud investigation, however, Mr. Stuart failed to do so. Id. at ¶17.

14. Mr. Stuart has never provided SNET with all of the information required by the fraud packet. Id. at ¶18.

15. The plaintiff had no contact with defendant Debora Stanley until he contacted SNET to request that the accounts at issue be removed from his credit report. *Deposition of James Stuart*, p. 37.[2]

16. Plaintiff's "conspiracy" claim is based solely upon the fact that Debora Stanley did not resolve plaintiff's complaint.  Id.

17. Plaintiff cannot identify anyone besides Debora Stanley who was involved in the alleged "conspiracy."  Id.

18. Plaintiff has not made a single application for credit in the past five years. Id. at 25.

19. Plaintiff has no evidence that any employee of defendant SNET intentionally defrauded him.  Id. at p. 36.

 

THE DEFENDANTS -
THE SOUTHERN NEW ENGLAND
TELEPHONE COMPANY and
DEBORA STANLEY

By:_____
    Jeffrey M. Donofrio (ct07738)
    Jdonofrio@cd-llp.com
    Ciulla & Donofrio, LLP
    127 Washington Avenue
    P.O. Box 219
    North Haven, Connecticut 06473
    Tel.: (203) 239-9828
    Fax.: (203) 234-0379

---

[2] The Transcript of the Deposition of James Stuart is attached to the Defendants' Memorandum in Support of Motion for Summary Judgment as *Exhibit B*.

4

5

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing motion was mailed on this 28th day of May, 2004, to:

James Stuart
119 Gem Avenue
Bridgeport, CT  06606

                                                                              _____
                                                                              Jeffrey M. Donofrio