UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES STUART : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil Action No. 3:02 CV 1847 (CFD) |
| : | |
| THE SOUTHERN NEW ENGLAND : | |
| TELEPHONE COMPANY, ET AL. : | |
|     Defendant. : | |

**RULING ON MOTION TO DISMISS AND**
**MOTION FOR SUMMARY JUDGMENT**

    The plaintiff, James Stuart, brought this action against the defendants, the Southern New England Telephone Co. ("SNET") and Debora Stanley, a SNET employee, seeking damages and injunctive relief.[1]  Stuart, proceeding *pro se*, alleges that two telephone accounts were opened in his name without his permission, and that SNET is unlawfully attempting to collect amounts past due on those accounts from him.  Pending are SNET's motion to dismiss for lack of subject matter jurisdiction and motion for summary judgment.  For the following reasons, the motion to dismiss is granted, and the motion for summary judgment is denied as moot.

**I.**    **Background**

    The complaint alleges the following: Stuart currently resides in Bridgeport, Connecticut. On October 6, 1997, SNET opened an account for a telephone number in his name and social security number at an address in Ansonia, Connecticut ("Account #1").  On October 7, 1997, SNET opened an account for a telephone number in Stuart's name and social security number at

---

[1] SNET and Stanley will be referred to collectively as SNET throughout this ruling, except where individual reference is necessary.

-1-

an address in Derby, Connecticut ("Account #2").  Account #1 has an outstanding balance of $560.91, and Account #2 has an outstanding balance of $3,346.11.  SNET unsuccessfully attempted to collect those outstanding amounts from Stuart.  More specifically, Stuart received letters from an SNET employee, Debora Stanley, in January 2002 regarding the collection of these outstanding balances.  In response, Stuart wrote letters to Stanley attempting to demonstrate that he did not reside at those addresses and that the accounts were opened in his name without his permission.  Stuart also filed a fraud complaint on a form provided by SNET.  Stuart then wrote a series of letters to Stanley asking for information concerning the accounts and the status of his fraud complaint.  Stuart claims that SNET has never responded to his letters, and the outstanding balances are still reflected on his credit report.

On October 22, 2002, Stuart filed a complaint in this Court, claiming jurisdiction pursuant to 47 U.S.C. §§ 206 and 207.  The complaint does not specify what causes of action are directed against SNET.  Stuart does allege, however, that "[t]here is a conspiracy at SNET, which involves Debora Stanley to rob me."  Stuart also claims that "employees within the SNET office were working from within the company to defraud me."  Consequently, when viewed in a light most favorable to Stuart, the Court interprets the complaint as setting forth state law claims for fraud and conspiracy.[2]  In his prayer for relief, Stuart seeks: (1) a declaration that SNET's actions

---

[2] When evaluating the *pro se* plaintiff's complaint, the Court is mindful that, "[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the Court] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel."  Lerman v. Bd. of Elections in the City of New York, 232 F.3d 135, 139-40 (2d Cir. 2000); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (*pro se* complaints held to less stringent standards than pleadings drafted by lawyers); Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (when a plaintiff proceeds pro se, the court must read papers liberally and "interpret them to raise the strongest arguments they suggest").

are unlawful; (2) an injunction ordering the removal of the outstanding balances from his credit report; (3) incarceration for all those found to be involved in the alleged fraud and conspiracy; (4) $50,000 compensatory damages; (5) $2,000,000 in punitive damages; and (6) any and all relief the Court deems fair and just.

SNET has moved to dismiss the complaint for lack of subject matter jurisdiction and for summary judgment on all of Stuart's claims. Because SNET's motion to dismiss challenges this Court's subject matter jurisdiction, it must be addressed first. See United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993).

**II**  **Motion to Dismiss**

A) Standard

SNET has moved to dismiss pursuant for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). "A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) must be granted if Stuart fails to establish subject matter jurisdiction." Gionfriddo v. Salaf, 343 F.Supp.2d 109, 110 (D.Conn. 2004). Federal courts are empowered to hear only those cases that: (1) are within the judicial power of the United States, as defined by the Constitution; or (2) have been entrusted to them by a jurisdictional grant by Congress. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978). Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction ... when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the

evidence that it exists." Id.

In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. Id; Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1011 (2d Cir. 1986); Pettola v. Nissan Motor Acceptance Corp., 44 F.Supp.2d 442, 444 (D.Conn. 1999).

B) Discussion

The complaint alleges that this Court "has jurisdiction over this complaint pursuant to 47 U.S.C., Sections 206 and 207."[3] SNET argues that the state law claims of fraud and conspiracy set forth in the complaint are not actionable under those statutes. Consequently, SNET argues that this Court is without subject matter jurisdiction. Stuart has not responded to SNET's motion to dismiss.[4]

---

[3] 47 U.S.C. § 206 provides: "In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case."

47 U.S.C. § 207 provides: "Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies."

[4] "If a complaint is sufficient to state a claim on which relief can be granted, Stuart's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000). At the same time, however, "bald assertions and conclusions of law will not suffice" to withstand a motion to dismiss. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). When a complaint is based solely on "wholly conclusory allegations" and provides no factual support for such claims, it is appropriate to grant defendant's motion to dismiss. Id. SNET's

Here, there is no diversity of citizenship between the parties. "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal-question jurisdiction is established if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 . The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. at 392; Marcus v. AT& T Corp., 138 F.3d 46, 52 (2d Cir. 1998).

In Ivy Broadcasting Co. v. American Tel. & Tel. Co., 391 F.2d 486 (2d Cir. 1968), the plaintiff brought state law claims of negligence and breach of contract against the defendant, a common carrier regulated by the Communications Act of 1934, as amended, 47 U.S.C. §§ 151-609 ("the Communications Act"). The district court dismissed the action *sua sponte*, finding that, because the claims were founded on state law, the Communications Act did not provide subject matter jurisdiction. The U.S. Court of Appeals for the Second Circuit affirmed, concluding that:

> The Communications Act, §§ 206, 207, provides that a suit may be brought in federal court for damages resulting from a common carrier's violation of specific provisions of the Act, 47 U.S.C. §§ 206, 207, but we agree with the district court's conclusion that the complaint does not show any violation of the Act. In the absence of such specific violations, the Act does not expressly grant a remedy for negligence or breach of contract in the rendition of communications service. Nor do we think that such a remedy should be 'inferred' from the Act; there is no reason to believe that Congress, in the Communications Act, intended to declare the existence of the fundamental right to recover for tort or breach of contract.

---

motion to dismiss was filed at the same time as its motion for summary judgment [Doc. #49]. The latter set forth the notice to *pro se* plaintiffs now required by Local R. Civ. P. 56. Stuart also did not respond to the motion for summary judgment.

Therefore, 47 U.S.C. § 207 does not confer jurisdiction on the district court. Id. at 490. See also Marcus v. AT& T Corp., 138 F.3d at 53 (noting that the Communications Act does not provide for jurisdiction, nor invoke the complete preemption doctrine); 27 Puerto Rican Migrant Farm Workers v. Shade Tobacco Growers Agricultural Ass'n, Inc., 352 F.Supp 986, 993 (D.Conn. 1973) (finding that § 207 of the Communications Act did not provide the court with subject matter jurisdiction over the plaintiffs' breach of employment contract claims). Consequently, Sections 206 and 207 do not provide this Court with subject matter jurisdiction over Stuart's state law claims for fraud and conspiracy.

In Ivy, however, the Second Circuit nevertheless found that the district court had jurisdiction because the plaintiff's claims were properly viewed as arising under federal common law. Id. at 491. More specifically, the Court concluded that, "[i]t seems to us that the congressional purpose [behind the Communications Act] can be achieved only if a uniform federal law governs as to the standards of service which the carrier must provide and as to the extent of liability for failure to comply with such standards." Id. Therefore, because claims based on federal common law arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, the Court concluded that the district court had jurisdiction over the plaintiff's action. Similarly, in Nordlicht v. New York Tel. Co., 799 F.2d 859, 861 (2d Cir. 1986), the Second Circuit concluded that, although the Communications Act itself did not provide for complete preemption of state law fraud claims, the enactment of such comprehensive legislation regulating telecommunications carriers evidenced Congress's intent to create a uniform system of federal common law for the adjudication of the liabilities and obligations of carriers.

Since Ivy and Nordlicht were decided, however, the U.S. Supreme Court has concluded

that a federal statute will not be interpreted to completely preempt a field without a clear statement to that effect from Congress.  See, e.g., Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 9-10 (2003) (addressing question of whether Congress intended for the National Bank Act to completely preempt state law causes of action against a national bank charging excessive interest); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)  ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to federal court").  In Marcus v. AT& T Corp., 138 F.3d at 52, the Second Circuit recognized the impact of Metropolitan Life, explicitly overruled Nordlicht, and held that, "absent some express statement or other clear manifestation from Congress that it intends the complete preemption doctrine to apply, we believe that federal common law does not completely preempt state law claims in the area of interstate telecommunications." Marcus, 138 F.3d at 54.[5]  Therefore, pursuant to Marcus, Stuart's state common law claims cannot be construed as arising under federal common law.  See Id. (noting that federal common law applies only in "limited situations," such as those involving "uniquely federal interests").  Because there is no diversity of citizenship, and Stuart's complaint is based entirely on state law, this Court is without subject matter jurisdiction.

Consequently, SNET's motion to dismiss **[Doc. # 48]** is **GRANTED**.  SNET's motion for summary judgment **[Doc. # 49]** is **DENIED**, without prejudice, as moot.  The clerk is directed to close this case.

---

[5]See also 47 U.S.C. § 414 (providing that nothing set forth in the Communications Act "shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies").

Because this case is closed pursuant to Fed. R. Civ. P. 12(b)(1), it is without prejudice to Mr. Stuart filing a similar action in the Connecticut Superior Court.

SO ORDERED this  23rd   day of March 2005, at Hartford, Connecticut.

       /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**